MATHIAS, J.,
concurring in part and dissenting in part.
I agree with the trial court’s interpretation of the “true up” provision of the par *829 ties’ marital settlement agreement, and I respectfully dissent from the majority with regard to this issue.[5]
The portion of the settlement agreement at issue provides:
At the conclusion of each calendar year, starting with 2009, the parties’ respective weekly child support obligation shall be adjusted and recalculated by taking the amount of their gross taxable income from their tax return(s) for that year, dividing it by 52 weeks, and using this amount at line 1 of the CSOW [Child Support Obligation Worksheet], with all other factors remaining the same for purposes of calculating the parties’ adjusted child support obligation.
[[Image here]]
Appellant’s App. p. 32.
As explained by the majority, the formula for calculating child support under the 2009 Child Support Guidelines was subsequently changed in a manner that would lead to a much larger child support obligation for Father. That is, using the formula from the 2009 Guidelines, Father’s 2009 true up payment would be the relatively modest sum of $6,556. However, using the formula from the 2010 Guidelines, Father’s true up payment is the much larger sum of $53,940.92. Similarly, applying the 2009 Guidelines formula to calculate Father’s 2010 true up payment results in a total of $6,344. But using the formula from the 2010 Guidelines[6] would result in a true up payment of $44,720
Father argues that the phrase “with all other factors remaining the same” means that the 2009 Guidelines formula must be applied unless and until his support obligation is modified by the trial court. Mother argues that the proper formula to be used is the one which is applicable in the year the calculations are performed and the true up payment is made, e.g., the 2010 Guidelines formula is to be used to determine the 2009 true up due in 2010, and the 2011 Guidelines formula is to be used to determine the 2010 true up due in 2011. The trial court, adopting neither party’s position, concluded that the proper formula to be used is the one that was applicable during the year for which the true up was due, not the year it was payable, e.g., the 2009 formula for the 2009 true up payment, and the 2010 formula for the 2010 true up payment.
The majority agrees with Father, concluding that the formula to be used to calculate the “true up” is a “factor” that must remain the same pursuant to the language of the agreement. To me, this misuses the word “factor,” within the context of the agreement. The relevant language of the agreement provides that the parties’ actual weekly income for the year at issue will be calculated based on their tax returns and that this amount will be used “at line 1 of the CSOW [Child Support Obligation Worksheet], with all other factors remaining the same.” Appellant’s App. p. 32. I think it is clear from the structure of this sentence that the other “factors” that will remain the same are the other variables that go into calculating the true up amount, not the child support obligation worksheet or formula itself.
It is clear that the parties intended to “adjust and recalculate[ ]” the child support obligation at the end of each year, and they are to be commended on their foresight in making provisions to do so. Ap *830 pellant’s App. p. 32. However, the formula used to adjust and recalculate the child support obligation should be the formula applicable to the income earned during that year, precisely as the trial court held. Perhaps the parties did not anticipate that the formula used to calculate the true up might change in the future. But if Father intended to freeze his support obligation at the 2009 level, then certainly this intent should have been stated explicitly. And if the parties did not anticipate the possibility that the formula might change, then the party who should bear the risk of any change should be Father, not the children.
Indeed, it should be kept in mind that the money at issue is not for the benefit of Mother. Instead, she is merely the trustee of the payments for the use and benefit of the children. See Straub v. B.M.T. by Todd, 645 N.E.2d 597, 599 (Ind.1994). Nor does either parent have a right to contract away the support benefits of their children, as the right to the support lies exclusively with the children. See id. It is for this reason that settlement agreements that purport to contract away these rights are directly contrary to public policy and unenforceable. Id. at 600.
Although the agreement here does not purport to wholly contract away Father’s support obligation, I believe that any ambiguity in the language of the agreement should be construed in the manner that is more favorable to the children. Had the parties desired to use the 2009 Guidelines formula regardless of the year for which the true up payments were calculated, that intent should have been explicitly stated in the language of the agreement. Because the agreement is not explicit in this regard, I would hold that the Guidelines formula in effect during the year for which the true up calculation is performed is the proper formula to use.
Because I agree with the trial court’s resolution of the issues, I would affirm the trial court’s grant of summary judgment in all respects.
BAILEY, Judge.

. Although I do not find Father’s appellate argument to be persuasive, I concur with the majority’s conclusion that Mother is not entitled to appellate attorney fees.

. The Guidelines were amended effective January 1, 2010, and appear not to have been amended since.